MOORE, Chief Justice
(concurring in overruling the application for rehearing and concurring in the result as to the opinion).
I concur in overruling the application for rehearing and concur in the result reached by the main opinion. There is evidence in this case from which this Court could conclude that proximate causation did not exist between the allegedly negligent conduct of Hosea 0. Weaver and Sons, Inc. (“Weaver”), and the accident that resulted in the deaths of three people.[7]
However, I disagree with the plurality’s application of the “accepted-work doctrine.” Under this rule, a State agent may relieve a contractor from liability simply by accepting the contractor’s work, so long as any defect with the contractor’s work is readily observable upon reasonable inspection and is not hidden. In such a case, an injured plaintiff would not be able to sue either the State (which is protected by State immunity under Art. I, § 14, Ala. Const.1901) or the negligent contractor (which would be protected by the accepted-work doctrine). Such a construction of the law would deprive an injured plaintiff of the rights to a trial by jury and to open access to courts under Art. I, §§ 11 and 13, Ala. Const.1901. Consequently, by depriving the citizens of Alabama of these inviolate rights, the State would be assuming the power to abridge the Declaration of Rights, in violation of Art. I, § 36, Ala. Const.1901, which says: “[T]o guard against any encroachments on the rights herein retained, we declare that everything in this Declaration *487 of Rights is excepted out of the general powers of government, and shall forever remain inviolate.”
Finally, although in this case the plurality could have reached the same result by holding that Weaver’s alleged negligence was not the proximate cause of the accident, the accepted-work doctrine would cut off liability for contractors in future cases where it is undisputed that the contractor’s negligence, which resulted in an open and obvious defect that was readily observable on reasonable inspection, was in fact the proximate cause of the resulting injury.
For these reasons, although I agree that Weaver is not liable in this case and that a judgment should be rendered for it, I object to applying this “new rule,” which, if adopted, in my view, would deprive the citizens of Alabama of rights that the Alabama Constitution declares shall “forever remain inviolate.” Art. I, § 36, Ala. Const. 1901.

. I believe that the modern view of proximate cause based on foreseeability does not comport with the common-law view of causation. The modern view appears to be rooted in Palsgraf v. Long Island R.R., 248 N.Y. 339, 162 N.E. 99 (1928). However, under either view, I do not believe proximate causation existed in this case.